IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRENA BATES, et al.,

    Plaintiffs,

vs.

JAMES FRANK NASH, et al.,

    Defendants.

Case No. 13-cv-839-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Enterprise Rent-A-Car Company of Tennessee, L.L.C. and EAN Holdings, L.L.C. Motion for Summary Judgment (Doc. 45) and Memorandum in Support (Doc. 46) in which Defendants seek judgment in their favor on Counts III and IV of Plaintiffs' Second Amended Complaint (Doc. 2). Plaintiffs responded in opposition (Doc. 50) and Defendants replied (Doc. 51). For the reasons that follow, the Court grants Defendants' Motion.

Plaintiffs' action follows an August 1, 2012 head-on motor vehicle collision that killed Defendant James Nash and caused serious injuries that resulted in the death of Larry Bates. Plaintiffs Darrena Bates and minor child G.B. allege painful, permanent and disabling injuries resulted from the accident, which they claim was caused by Defendant James Frank Nash driving under the influence of numerous substances and traveling in the wrong direction on Interstate 57 near mile marker thirty-four (34) in the State of Illinois.

Plaintiffs include Defendants Enterprise Rent-A-Car and EAN Holdings in their Complaint as the lessor and owner of the motor vehicle driven by Nash and allege liability for the negligent entrustment of their vehicle to Nash. In particular, Plaintiffs allege Nash was under

the influence of intoxicating substances when he rented the vehicle from Enterprise Rent-A-Car, used the vehicle to engage in illegal activities (the transport and distribution of illegal prescription medications) and breached his agreement with Enterprise by driving the vehicle outside of the state boundaries set forth in the rental agreement, driving while intoxicated and failing to return the vehicle at the assigned date and time.  Plaintiffs further allege that Enterprise and EAN knew or should have known these facts and therefore their initial and continued entrustment of the vehicle to Nash was negligent.  Finally, Plaintiffs allege that because Enterprise and EAN had a duty to enforce the terms of their rental agreement and a duty to investigate when their vehicle was not returned for nearly two weeks past the agreed-upon return date (a fact sufficient to create reasonable suspicion), they share liability for Plaintiffs' injuries.

Enterprise and EAN deny any liability for negligent entrustment and claim their only legal duty in renting the vehicle was to not knowingly entrust the vehicle to a person incompetent to drive.  Enterprise claims that Nash did not appear intoxicated, Nash's driver's license appeared valid and that Nash signed an acknowledgement certifying that the license was "currently valid and is not suspended, expired, revoked, cancelled or surrendered."  As such, they complied with their legal duty in entrusting the vehicle to Nash and neither Enterprise nor EAN had any further duty to inquire when Nash kept the vehicle beyond the agreed return date or to ensure Nash was honoring the terms of their agreement.

Enterprise and EAN also assert that Tennessee law should apply to Plaintiff's claims against them because the lease agreement was executed in Tennessee and the agreement contains a choice-of-law provision that adopts Tennessee law.  Enterprise and EAN further urge in their Motion for Summary Judgment that Tennessee law should apply because the entrustment took place in Tennessee.  Plaintiffs do not address the choice-of-law allegations of Enterprise and

EAN but rather claim the Motion for Summary Judgment fails to address Plaintiff's alleged material facts.

**Choice of Law**

In determining which state's substantive law applies, a Federal District Court must look to the choice-of-law rules of the jurisdiction in which the District Court sits. *Budget Rent-A-Car System, Inc. v. Chappell*, 407 F.3d 166, 169-70 (3rd Cir. 2005) (citing *Klaxon Vo. V. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941)).  As this Court sits in Illinois, Illinois choice-of-law principles apply.  The Supreme Court of Illinois provided substantial guidance to courts applying Illinois choice-of-law principles in *Townsend v. Sears, Roebuck and Co.*, 879 N.E.2d 893, 898-902 (2007).  As an initial matter, the question is governed by the Restatement (Second) of Conflict of Laws.  *Id.*   In personal injury tort actions, the place of injury controls unless another state has a more significant relationship with the occurrence and with the parties with respect to the particular issue.  *Id* (quoting Restatement (Second) of Conflict of Laws § 146).

The Court must first determine, therefore, whether the presumption in favor of the law of Illinois, as the place where the injury occurred, can be overcome by the "most significant relationship factors" set forth in the Restatement's section on general tort principles (§ 145). This section provides,

> Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145 (2).

The parties here do not dispute that this is a tort claim and not a contract claim. The Complaint alleges negligence and seeks damages for personal injuries and death arising from the negligence. Plaintiffs were not a party to any contract and bring their claims against Enterprise and EAN as the lessor and owner of the vehicle that allegedly collided with Plaintiffs' vehicle in Illinois due to negligent entrustment by Enterprise and EAN. As such, there is a presumption in favor of Illinois substantive law that can only be overcome if an evaluation of the factors above reveals a more substantial relationship with Tennessee under §§ 145 and 146 of the Restatement.

In this case, the injury occurred in Illinois, and the alleged negligence that caused the injury occurred in Tennessee. As to the third factor, the Plaintiffs are residents and citizens of Illinois. Enterprise Rent-A-Car Company of Tennessee, LLC ("Enterprise") is incorporated in the state of Delaware and its principle place of business is in Tennessee. Enterprise's sole member is Enterprise Holdings, Inc. Enterprise Holdings, Inc. is a Missouri corporation and its principle place of business is in Missouri. EAN is incorporated in the state of Delaware and its principle place of business is in Missouri. EAN's sole member is also Enterprise Holdings, Inc., incorporated in and operating from Missouri. Looking to the fourth factor, the Court finds no relationship between the parties. Considering these factors in light of the presumption in favor of Illinois law, there is no more substantial relationship with Tennessee in this case. Therefore Illinois law applies.

**Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels*

*Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

If the moving party is defending the claim at trial, he need not provide evidence affirmatively negating the plaintiff's claim. It is enough that he point to the absence of evidence to support an essential element of the plaintiff's claim for which he carries the burden of proof at trial. *Celotex*, 477 U.S. at 322-23, 325. Where the defendant has pointed to a lack of evidence for one of the essential elements of a plaintiff's claim, if the plaintiff fails to provide evidence sufficient to establish that element, there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. However, a "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence; it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual

disputes in favor of the non-moving party." *Reid v. Neighborhood Assistance Corp. of America,* 749 F.3d 581, 586 (7th Cir.2014) (*quoting Abdullahi v. City of Madison,* 423 F.3d 763, 769 (7th Cir.2005)).

In this case, Enterprise and EAN filed their Motion for Summary Judgment on January 17, 2014, fifteen days after the Discovery Order (Doc. 40) set a September 8, 2014 due date for the completion of discovery. Plaintiffs did not request an extension of time to respond and instead filed their Response in Opposition to Defendants' Motion for Summary Judgment on February 21, 2014—a time when more than five months of discovery remained. In their Response, Plaintiffs asked to be allowed to complete discovery before the Court enters judgment on triable issues of fact. Accordingly, the Court withheld judgment on Defendants' Motion until the close of discovery. Plaintiffs, however, did not subsequently make any attempt to supplement their Response. Therefore, the Court will examine the merits of Defendants' Motion for Summary Judgment and Plaintiffs' Response, along with the parties' exhibits, as filed.

**Negligent Entrustment**

In Illinois, a lessor may be liable for the negligent entrustment of a rental car if they entrust the vehicle "to one whose incompetency, inexperience, or recklessness is known or should have been known by the entrustor of the vehicle." *Watson v. Enter. Leasing Co.*, 757 N.E. 2d 604, 610 (2001), quoting *Rainey By and Through Rainey v. Pitera By and Through Pitera,* 651 N.E.2d 747 (1995). Two primary considerations in a claim for negligent entrustment action are: "(1) Whether the owner entrusted his car to an incompetent or unfit driver, and (2) Whether the incompetency was a proximate cause of the accident." *Id,* quoting *Taitt v. Robinson,* 639 N.E.2d 893 (1994).

Proximate cause requires both cause in fact and legal cause. *Id*. If the defendant has done nothing more than "furnish a condition… that causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury." *Id* at 922, quoting *First Springfield Bank & Trust*, 720 N.E. 2d 1068 (1999). Rather, the defendant must also have anticipated the likelihood of the result with reasonable foreseeability to satisfy the requirement of legal cause. *Id*.

Here, it is disputed whether the rental agent knew or had reason to know that Nash was unfit to drive because of intoxication. Defendants submitted an affidavit of the Enterprise agent who handled the rental transaction with Nash and provided the vehicle to Nash, in which he states that he saw no indication that Nash was not competent to drive. Plaintiffs submitted no evidence to refute this assertion and simply referred back to the allegation in the Complaint that another person who was present at the time of the transaction may have been able to testify to the contrary. This assertion alone is insufficient to satisfy Plaintiffs' burden to establish the existence of a material fact. Plaintiffs have not produced any evidence to survive Defendants Motion for Summary Judgment.

Defendants Motion for Summary Judgment on the issue of negligent entrustment is therefore GRANTED. It is not necessary for the Court to address the issue of foreseeability.

**Common Law Negligence Claim**

Plaintiffs contend Defendants Enterprise and EAN have a duty to ensure that lease agreements are honored by individuals who lease their motor vehicles and a duty to investigate incidents in which individuals retain leased vehicles beyond the time limits set forth in their lease agreement. Plaintiffs state that Nash's failure to timely return the vehicle should have created reasonable suspicion that Nash was breaching the agreement. Plaintiffs claim Defendants

breached their duties when they failed to inquire as to the whereabouts of the vehicle. Plaintiffs further claim this breach of duties caused the vehicle to remain in Nash's control despite Nash driving while under the influence of intoxicants and using the vehicle for illegal purposes.

Defendants argue that neither Tennessee nor Illinois impose any duty to determine the whereabouts of a vehicle held over its stated lease term or report any such vehicle lost or stolen. Plaintiffs do not cite to any law to support their claim that rental car owners or leasing agents have such a duty, nor does the Court find any precedent to support Plaintiff's contention.

While the existence of a duty is an issue of law for a court to determine (see *Kirk v. Michael Reese Hosp. and Med. Ctr.*, 513 N.E. 2d 387, 396 (Supreme Court of Illinois, 1987)), this Court will not create new law in recognizing a duty of care where such duty is not recognized in Illinois case precedent. Defendants have cited cases from a number of jurisdictions that state a rental car company's duty to third parties (non-customers) is limited to ensuring the lessee has presented a facially valid driver's license and refusing to rent vehicles to drivers who appear unfit to drive. Without further evidence from the Plaintiffs that one of these duties was breached, Plaintiffs cannot survive Defendants' Motion for Summary Judgment on their secondary claim of common law negligence.

Defendants' Motion for Summary Judgment is therefore GRANTED in its entirety on Counts III (against Enterprise Rent-A-Car) and IV (against EAN Holdings). These counts of Plaintiffs' Complaint are hereby dismissed, and the Clerk of Court is ordered to enter judgment in favor of these Defendants at the close of this case.

**IT IS SO ORDERED.**

**DATE: November 26, 2014**                             **s/ Staci M. Yandle**
                                                                            **STACI M. YANDLE**
                                                                            **DISTRICT JUDGE**